## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **1:20-cr-00289-RP-5** |
| | § | |
| **DREW ZARATE (5)** | § | |
| *Defendant* | § | |

### Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on July 19, 2022, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, dated June 22, 2022 (the "Petition") (Dkt. 511). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Drew Zarate was ordered released on conditions on December 30, 2020. Dkt. 71. Defendant was arrested on October 7, 2021, and charged with driving while intoxicated. Dkt. 406. Defendant failed to notify Pretrial Services of his arrest, which was revealed by a criminal records check conducted on December 21, 2021. *Id.* Pretrial Services alleged that Defendant's actions violated the following conditions of his release:

- 7(l) – Defendant shall not to use alcohol excessively; and
- 7(r) – Defendant shall report as soon as possible to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

*Id.* The state charge remains pending. On January 28, 2022, the Court modified Defendant's conditions of release to order Defendant not to use alcohol at all. *Id.*

On May 9, 2022, Defendant pled guilty to Conspiracy to Launder Monetary Instructions, in violation of 18 U.S.C. §§ 1956(h) and 1056(a)(1)(B)(i). Dkt. 481. The District Court accepted

Defendant's guilty plea on May 25, 2022, and his sentencing is set for January 13, 2022. Dkts. 503, 509.

The pending Petition alleges that Defendant submitted a urine specimen on May 19, 2022 that was confirmed positive for marijuana metabolite and cocaine metabolite, and Defendant submitted a urine specimen on May 31, 2022 that was confirmed positive for marijuana metabolite. Dkt. 511. The Petition alleges that Defendant's actions violate Condition (7)(m) of his release: "The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." *Id.*

The Court has considered the Pretrial Services Report, the Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing. During the hearing, Defendant admitted the allegations in the Petition. Based on the uncontroverted record evidence and Defendant's admissions, pursuant to 18 U.S.C. § 3148(b)(1), the Court finds that there is clear and convincing evidence that Defendant has violated Condition (7)(m) of his release.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that he is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Specifically, it is **HEREBY ORDERED** that Defendant shall be **RELEASED** to a program of inpatient substance abuse therapy and counseling and into the custody of a suitable custodian. Defendant must abide by all conditions in the forthcoming Amended Order Setting Conditions of Release and follow all instructions from Pretrial Services.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 511) is **DENIED**.

**SIGNED** July 25, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE